IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TONIA L. LEWIS,**

      Petitioner,

v.                                  CIVIL ACTION NO.: 3:20-CV-203
                                          (GROH)

**WARDEN P. ADAMS,**

      Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 13, 2021. ECF No. 22. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition with prejudice. The Petitioner timely filed her objections to the R&R on June 1, 2021. ECF No. 24. The Respondent filed a Response to the Petitioner's objections on June 10, 2021. ECF No. 25. On June 28, 2021, the Petitioner filed a reply to the Response. ECF No. 26. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On October 26, 2020, Tonia L. Lewis ("Petitioner"), filed a Petition listing one ground for relief. ECF No. 1. Therein, the Petitioner asserts that the "Federal Bureau of Prisons unlawfully revoked [her] good time credits (loss of 27 GTC)." Id. at 5. Upon

reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner did not object to these portions of the R&R. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When

only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in her objections to the magistrate judge's

3

R&R. Specifically, the Petitioner's objections reiterate the main argument of this litigation: Petitioner avers that the BOP was required to identify, locate and produce the witnesses she alleges were present during the incident which resulted in her assault without injury charge. The Respondent's Motion to Dismiss and response to objections aptly note that the law provides no such requirement. Petitioner relies upon Wolff v. McDonnell, 418 U.S. 539 (1974) for this premise, but the Court may no such holding in Wolff.

Magistrate Judge Trumble addressed this in his R&R, and Petitioner simply reiterates the same arguments already presented to the Magistrate Judge. Without new citations or an argument that the Magistrate Judge misapplied the law cited, there is nothing material for this Court to consider. To the extent the Petitioner argues Magistrate Judge Trumble misapplied Wolff, her objection is **OVERRULED**. See, e.g., Shuck v. Bledsoe, No. 7:05CV00167, 2005 WL 2675090 (W.D. Va. Oct. 20, 2005).

Therefore, the Court finds that *de novo* review is not required because the Petitioner's objections offer no new legal arguments, and the Petitioner's factual presentation was properly considered by the Magistrate Judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 22] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Respondent's Motion to Dismiss, or in the alternative, for Summary Judgment [ECF No.

13] is **GRANTED** and Petitioner's Petition is **DISMISSED WITH PREJUDICE**.  ECF No. 1.  This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at her last known address as reflected upon the docket sheet.

**DATED:** September 1, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE